IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARD D. YOUNG, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:18-CV-397-B (BT) |
| § | |
| CITY OF DALLAS, and DALLAS § | |
| POLICE DEPT., § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The United States magistrate judge now enters these findings, conclusions, and a recommendation that the District Court DISMISS this action for want of prosecution under Fed. R. Civ. P. 41(b).

I.

On February 16, 2018, Plaintiff filed this complaint alleging violations of his federal civil rights and state law. On March 8, 2016, the Court sent Plaintiff a Magistrate Judge's Questionnaire seeking additional information regarding his claims. The Questionnaire directed Plaintiff to answer the questions within 30 days and explained that failure to timely respond to the Questionnaire could result in a recommendation that this case be dismissed for want of prosecution.

1

More than 30 days have passed, and Plaintiff has failed to respond to the Questionnaire.

## II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Plaintiff has failed to respond to the Magistrate Judge's Questionnaire. The Court must obtain additional information about the factual basis of this suit in order to screen the complaint and determine whether the defendants should be served. The inability to proceed with this litigation is directly attributable to Plaintiff's failure to provide the information requested. Under these circumstances, the Court should dismiss Plaintiff's complaint under Fed. R. Civ. P. 41(b).

## III.

Plaintiff's complaint should be DISMISSED without prejudice under Fed. R. Civ. P. 41(b).

2

Signed June 4, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).